No. 950

MORE et v. OHIO PUB. SER. CO.

Ohio Appeals, 9th Dist., Lorain Co.

No. 375. Decided May 8, 1926

870. OPTIONS—Where minds of parties do not meet upon important features of an option and where the price paid for a right of way provided for therein is grossly inadequate, the option will be cancelled.

PARDEE, P. J.

John More et al. on Aug. 31, 1925, gave to the Ohio Public Service Co. a written option with the right to purchase at any time before Jan. 1, 1926 for the sum of $500 an easement and right of way 100 feet wide over More's 85 acre farm for the purpose of erecting a line to carry electric current. By virtue of the option the Company was also given the right to construct and maintain upon said right of way, towers, with necessary conductors, wires, and other fixtures used for the transmission of electric current for light, heat and power.

The plaintiffs in the Lorain Common Pleas claimed that the option was obtained by fraud and misrepresentation by the agent of the Company, upon which they relied. The lower court entered judgment for More and the option was held of no effect. The case was appealed and the Court of Appeals held:

1. The claims of fraud and misrepresentation relied upon by the plaintiffs are not sustained by the evidence.

2. By preliminary negotiations, the price

to be paid for said right of way was based upon the number of towers to be erected by the Service Co., same not to exceed five.

3. The option as signed provided no limit for the number of towers to be erected and the price paid was to be in full for all present and future damages which may be sustained by More; that More was to pay all taxes on the right of way except those levied upon the property erected by the Company.

4. All these matters were not discussed at the time the option was signed.

5. More, et al are of foreign birth and unable to understand the English language, and relied upon the agent of the company as to a proper disclosure of the contents of said option.

6. The minds of the parties never met upon some of the important features contained in the written option, and since the price paid for the right of way with its unlimited rights given by the option, is grossly inadequate, the option is set aside and cancelled.

Decree accordingly.

(Washburn & Funk, JJ., concur.)

Attorneys—Harding & Harding, Lorain, for More et; F. M. Stevens and C. J. Maple, Elyria, for Company.